UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.:

WILLIAM MEYERS and NICOLE MEYERS,

        Plaintiffs,

v.

STARR INDEMNITY & LIABILITY
COMPANY,

        Defendant.

_____/

**STARR INDEMNITY & LIABILITY COMPANY'S NOTICE OF REMOVAL**

Defendant Starr Indemnity & Liability Company, a Texas corporation ("Starr"), removes the action pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida (the "State Court"), Case No. 50-2019-CA-029603 (the "State Court Action"). The State Court is within the Orlando Division of the Middle District of Florida. Starr bases removal on diversity jurisdiction pursuant to 28 U.S.C. section 1332(a).

Removal of this action is proper because the parties are diverse and the minimum amount in controversy is greater than $75,000.00.

### I.    Procedural Background and Compliance

Removal of this action is timely. 28 U.S.C. section 1446(b) states that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." Starr files this notice within 30 days of the

Plaintiffs' filing of the Complaint on May 17, 2019, and service of process on Starr on June 3, 2019.

Pursuant to 28 U.S.C. section 1446(a), Starr attaches a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action at the time of this removal as **Composite Exhibit 1**. Starr will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs William Meyers and Nicole Meyers ("Plaintiffs") through their counsel. Starr will also promptly file a copy of this Notice with the Clerk of the State Court in the State Court Action, a copy of which (without additional exhibits) Starr attaches as **Exhibit 2**.

Removal of this action to the Orlando Division of the Middle District of Florida is proper pursuant to 28 U.S.C. section 1441(a) because this Court is the United States District Court for the district and division embracing the place where the State Court Action was pending. The allegations of this Notice of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

If any question arises as to the propriety of this removal, Starr respectfully reserves the right, and also requests the opportunity, to provide any additional evidence as may be required to support the grounds asserted in this Notice of Removal and to present a brief and oral argument in support of its position that this action was properly removed.

**II.     Summary of the Grounds for Removal Based Upon Diversity Jurisdiction**

Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S.Ct. 606, 610 (2005). The amount in controversy must also exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

This Court has jurisdiction over this matter under 28 U.S.C. section 1332(a) because Starr is not a citizen of the forum state of Florida, Starr and Plaintiffs are completely diverse in their citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A.   **Plaintiffs and Starr are Diverse**

Plaintiffs reside in Brevard County, Florida. *See* Complaint, ¶ 2. Plaintiffs are citizens of Florida for diversity citizenship purposes.

Starr is a corporation incorporated under the laws of the State of Texas and maintains its principal place of business in the State of New York. *See* Declaration of Jeff Pope attached as **Exhibit 3**. Starr is a citizen of the States of Texas and New York for diversity citizenship purposes. *See* 28 U.S.C. § 1332(c)(1).

Plaintiffs and Starr are completely diverse.

B.   **Amount in Controversy**

The amount in controversy exceeds $75,000.00 excluding interest and costs, as required by 28 U.S.C. section 1332(a). Plaintiffs allege damages because of Hurricane Irma and the severe thunderstorms that followed, including, without limitation, those related to alleged losses due to water intrusion and wind damage, business income/interruption costs, remediation and/or restoration services provided to their business and property, fees associated with hiring multiple contractors and repair companies, mitigation companies, attorney's and expert fees, damaged credit, and lawsuits and liens by contractors that have performed repairs to the insured property. *See* Complaint, ¶¶ 9-10, 16, 39. While Starr disputes all liability, and expressly reserves all defenses to this lawsuit, this Court must accept Plaintiffs' allegations as true for removal purposes. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("The

amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.") (citation omitted).

Attached as **Exhibit 4** is a copy of Plaintiffs' counsel's pre-suit demand to Starr dated September 25, 2018, in which counsel provides Starr with a property damage "Net Claim" figure of $411,731.75 and a corresponding property damage repair quote from JA Edwards of America (which aligns with counsel's figure). *See also* Exhibit 3. The correspondence also references an unidentified amount of business interruption damages and ends with a demand that "a full payout of the maximum policy value be made immediately." *See* Exhibits 3, 4.

Pre-suit demands may be properly considered by this Court when determining the amount in controversy for the purposes of federal jurisdiction. *See, e.g., AAA Abachman Enters., Inc. v. Stanley Steemer Int'l Inc.*, 268 Fed.Appx. 864, 866 (11th Cir. 2008) (per curiam) (unpublished) (*citing Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). The court's explanation in *Ralph v. Target Corp.*, 609CV-1328-ORL-19KRS, 2009 WL 3200680, at *2–3 (M.D. Fla. Sept. 30, 2009) is instructive:

> In the Notice of Removal, Defendant includes as exhibits the Plaintiff's written demand letter requesting a $100,000 settlement and the Defendant's written request to stipulate that the Plaintiff's damages do not exceed $75,000. Defendant argues that the nature of the Plaintiff's injuries, the demand letter for $100,000, and the Plaintiff's refusal to stipulate as to damages establish by the preponderance of the evidence that the amount in controversy exceeds $75,000. In response, Plaintiff argues that Defendant has not met this burden because the amount in controversy is too speculative. However, the demand letter states unequivocally, "[i]t is our opinion that a reasonable settlement value for Danielle Ralph's claim for bodily injuries, impairments, damages, and losses is well in excess of $100,000.00, for which we hereby make a demand." This constitutes ***legally certain evidence*** that Plaintiff seeks damages in excess of $75,000.

(citations omitted, emphasis added). As in *Ralph*, Plaintiffs' pre-suit demand here constitutes "legally certain evidence" the minimum amount in controversy is met.

C.    **Consent and Notice**

Pursuant to 28 U.S.C. section 1446(d), the undersigned is providing Plaintiffs, the only adverse parties, written notice of this Notice of Removal. A copy of this Notice of Removal is also being filed with the Clerk of the State Court in the underlying State Court Action.

D.    **Conclusion**

Because all parties are completely diverse and the amount in controversy exceeds $75,000.00, the requirements for this Court's exercise of diversity jurisdiction are met.

*Wherefore*, Starr Indemnity and Liability Company, desiring to remove the State Court Case to the United States District Court for the Middle District of Florida, Orlando Division, respectfully requests the filing of this Notice of Removal with the Clerk of the Circuit Court of Brevard County, Florida so effect the removal to this Court.

Dated: <u>July 3, 2019</u>.　　　　　　　　　　Respectfully submitted,

               **AKERMAN LLP**
               350 E. Las Olas Boulevard, Suite 1600
               Ft. Lauderdale, Florida 33301
               Telephone: (954) 463-2700

               By: <u>/s/Ashley A. Sawyer, Esq.</u>
                 Ashley A. Sawyer, Esq.
                 Florida Bar No. 0012131
                 Primary: ashley.sawyer@akerman.com
                 Secondary: jill.parnes@akerman.com

               and

               **AKERMAN LLP**
               2001 Ross Avenue, Suite 3600
               Dallas, Texas 75201
               Matthew J. Schroeder, Esq. (*pro hac to be filed*)
               Texas Bar No. 00791619
               Primary: matt.schroeder@akerman.com
               Secondary: abbie.holzmeister@akerman.com
               Elliot Strader, Esq. (*pro hac to be filed*)
               Texas Bar No. 24063966
               Primary: elliot.strader@akerman.com
               Secondary: abbie.holzmeister@akerman.com

               *Counsel for Starr Indemnity & Liability Company*

## **CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing was served via CM/ECF on this 3rd day of July, 2019 to:

**Beth L. Clause, Esq.**
**Blake Stewart, Esq.**
Stewart Law
7341 Office Park Place, Suite 202
Viera, Florida 32940
E-mail: Staff@StewartLawCS.com; Beth@StewartLawCS.com

By: s/Ashley A. Sawyer
Ashley A. Sawyer